UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:11-CV-00567-BR

| | |
|---|---|
| JOSE LOPEZ, ) | |
| MOISES AGUILAR, ) | |
| TIBURCIO CHAVEZ, ) | |
| EFREN HERNANDEZ, ) | |
| CAMILO LOYOLA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| MCSTRONG CONTRACTING, LLC, ) | |
| FREDDIE MCINTYRE, JR., ) | |
| MARCUS ARMSTRONG, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiffs' motion for default judgment.

Plaintiffs allege in their complaint that defendants, as their employers, failed to pay them overtime and regular wages when due in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.6, respectively. For these violations, plaintiffs seek back wages, liquidated damages, attorneys fees, and costs.

The Clerk entered default against defendants on 29 December 2011. Defendants' failure to answer the allegations contained in the complaint constitutes default, as well as admission of plaintiffs' "well-pleaded allegations of fact." Ryan v. Homecomings Fin Network, 253 F.3d 778, 780 (4th Cir. 2001). However, "a default is not treated as an absolute confession by the defendant of his liability and the plaintiff's right to recover." Nishimatsu Constr. Co. v. Houston

Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).  Though a defendant may not challenge the sufficiency of the evidence presented to the court, he is "entitled to contest the sufficiency of the complaint and its allegations to support the judgment."  Id.; see also Weft, Inc. v. G.C. Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986).  For that reason, this court must determine whether the allegations of fact in the complaint are sufficient to state a claim for relief. Weft, 630 F. Supp. at 1141.

An employer's failure to pay all earned wages when due to an employee constitutes a violation of the NCWHA's wage provision, N.C. Gen. Stat. § 95-25.6.  See Hanson-Kelly v. Weight Watchers Int'l, Inc., No. 1:10CV65, 2011 WL 2689352, at *2-3 (M.D.N.C. July 11, 2011) (memorandum and recommendation) (finding that plaintiffs had sufficiently stated a claim under § 95-25.6 by asserting that defendants failed to pay them all earned wages).  "The FLSA, in addition to mandating a minimum wage for covered employees, requires the payment of overtime for each hour worked in excess of forty per work week."  Schultz v. Capital Int'l Sec., Inc., 466 F.3d 298, 304 (4th Cir. 2006) (citing 29 U.S.C. §§ 206(a)(1), 207(a)(1)).

"An employee is defined as 'any individual employed by an employer,' and an 'employer' includes 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'  In addition, the [FLSA] 'defines the verb 'employ' expansively to mean 'suffer or permit to work.''"  Id. (citations omitted) (most alterations in original); see also N.C. Gen. Stat. § 95-25.2(3) (defining "employ" as "to suffer or permit to work"), (4) (defining "employee" as "includ[ing] any individual employed by an employer"), (5) (defining "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee"); Laborers' Int'l Union of N. Am. v. Case Farms, Inc., 488 S.E.2d 632, 634

(N.C. Ct. App. 1997) (relying on federal cases interpreting "employee" under the FLSA to determine whether the plaintiff unions were employees with standing to sue under the NCWHA).

> Under the FLSA, an individual may be the employee of more than one employer at a given time. According to FLSA implementing regulations, a joint employment relationship generally will be considered to exist in situations such as:
> 1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
> 2) Where one employer is acting directly or indirectly in the interests of the other employer (or employers) in relation to the employee; or
> 3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.
> If a joint employment relationship exists, all joint employers are jointly and individually liable for FLSA violations.
> To determine whether an entity is a joint employer, a court must take into account the "real economic relationship" between the employee, employer, and putative joint employer. . . .
> There is no mechanical test to evaluate the "economic reality" between employees and putative joint employers. Courts have largely applied some variation of the following four factors:
> 1) Authority to hire and fire employees;
> 2) Authority to supervise and control work schedules or employment conditions;
> 3) Authority to determine the rate and method of payment; and
> 4) Maintenance of employment records. . . .
> In considering these factors, a court need not decide that every one of them weighs against joint employment. Instead, the question of joint employment turns on the entire relationship, "viewed in its totality."

Jacobson v. Comcast Corp., 740 F. Supp. 2d 683, 688-89 (D. Md. 2010) (citations omitted)

In this case, during 2011, plaintiffs performed construction and related work for defendants. (Compl. ¶ 12.) Defendant McStrong Contracting LLC ("McStrong") is a closely-held construction business, which defendants Armstrong and McIntyre own, control, and/or

3

operate. (Id. ¶¶ 14, 16.) At the time of plaintiffs' employ, Armstrong and McIntyre "were the day-to-day corporate members, managers and/or operators of McStrong;""possessed and exercised the power and authority to direct, control and/or supervise the construction and related work performed by Plaintiffs for the Defendants at various job locations of McStrong;" and "had the right and exercised the right to determine the rate and method of payment for those wages that McStrong paid to Plaintiffs." (Id. ¶¶ 17-19.) Defendants failed to pay plaintiffs at the regular rates promised to them when due for all of the hours worked and, for the workweeks in which plaintiffs worked in excess of 40 hours, defendants did not pay plaintiffs at the overtime rate required by law. (Id. ¶¶ 28, 30.) Plaintiffs have sufficiently shown that defendants jointly employed them; that defendants violated the NCWHA wage provision and the FLSA overtime provision; and that they are entitled to damages for damages for those violations. An evidentiary hearing on damages is not warranted as plaintiffs have submitted sufficient affidavits to enable the court to calculate damages. See Frame v. S-H, Inc., 967 F.2d 194, 204 (5th Cir. 1992) ("If the damages can be computed with certainty by reference to the pleadings and supporting documents alone, an evidentiary hearing may not be necessary.").

For the foregoing reasons, plaintiffs' motion for default judgment is ALLOWED. It is hereby ORDERED, ADJUDGED, and DECREED that:

1. Plaintiff José Lopez have and recover of defendants, jointly and severally, the amount of $2673.00.[1]

2. Plaintiff Moises Aguilar have and recover of defendants, jointly and severally, the

---

[1] This amount consists of the sum of $1336.50 for failure to pay Lopez all earned wages at his regular rate of pay in violation of N.C. Gen. Stat. § 95-25.6, (see Lopez Aff. ¶¶ 3-4), and an additional equal sum in liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22(a1).

4

amount of $4631.00.[2]

3. Plaintiff Tiburcio Chavez have and recover of defendants, jointly and severally, the amount of $4464.00.[3]

4. Plaintiff Efren Hernandez have and recover of defendants, jointly and severally, the amount of $4631.00.[4]

5. Plaintiff Camilo Loyola have and recover of defendants, jointly and severally, the amount of $5792.00.[5]

Plaintiffs may file an appropriate request for attorneys fees and costs. The Clerk is DIRECTED to close this case.

This 24 May 2012.

                              W. Earl Britt
                              Senior U.S. District Judge

---

[2] This amount consists of the sum of $2008.50 for failure to pay Aguilar all earned wages at his regular rate of pay in violation of N.C. Gen. Stat. § 95-25.6, (see Aguilar Aff. ¶¶ 3-4), the sum of $507.00 for failure to pay him overtime wages in violation of 29 U.S.C. § 207(a), (id. ¶ 5), less $200.00 advanced pay, (id. ¶ 6), plus an additional equal sum in liquidated damages pursuant to 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22(a1).

[3] This amount consists of the sum of $2232.00 for failure to pay Chavez all earned wages at his regular rate of pay in violation of N.C. Gen. Stat. § 95-25.6, (see Chavez Aff. ¶¶ 3-4), and an additional equal sum in liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22(a1).

[4] This amount consists of the sum of $2008.50 for failure to pay Hernandez all earned wages at his regular rate of pay in violation of N.C. Gen. Stat. § 95-25.6, (see Hernandez Aff. ¶¶ 3-4), the sum of $507.00 for failure to pay him overtime wages in violation of 29 U.S.C. § 207(a), (id. ¶ 5), less $200.00 advanced pay, (id. ¶ 6), plus an additional equal sum in liquidated damages pursuant to 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22(a1).

[5] This amount consists of the sum of $2472.00 for failure to pay Loyola all earned wages at his regular rate of pay in violation of N.C. Gen. Stat. § 95-25.6, (see Loyola Aff. ¶¶ 3-4), the sum of $624.00 for failure to pay him overtime wages in violation of 29 U.S.C. § 207(a), (id. ¶ 5), less $200.00 advanced pay, (id. ¶ 6), plus an additional equal sum in liquidated damages pursuant to 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22(a1).